UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AT CHARLESTON**

MISTI COCHRAN, et al.,

               Plaintiffs,

v.                                    CIVIL ACTION NO. 2:21-cv-00626

NEWREZ LLC,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs Misti Cochran and Jim E. Cochran II's ("Plaintiffs") Motion to Remand.  (ECF No. 10.)  For the reasons more fully explained below, Plaintiffs' motion is **GRANTED**.

*I.   BACKGROUND*

This action arises out of the alleged publication of information relating to a mortgage loan debt that was discharged in a Chapter 7 bankruptcy petition.  Plaintiffs originally filed their complaint in the Circuit Court of Kanawha County, West Virginia, on October 25, 2021.  (ECF No. 1-1.)  In their complaint, Plaintiffs asserted five causes of action against Defendant Newrez LLC, d/b/a Shellpoint Mortgage Servicing ("Defendant") for alleged violations of the West Virginia Consumer Credit and Protection Act ("CCPA") and West Virginia common law.  (*Id.* at 4–6.)  Specifically, Plaintiffs asserted the following claims for relief: Count I – False Accusation; Count II – Misrepresentations in Debt Collection; Count III – Unconscionable Conduct in Debt Collection; Count IV – Defamation; and Count V – Negligence.  (*Id.*)  Counts I, II, and III all

arose under the CCPA, while Counts IV and V are brought under the common law of West Virginia.

Defendant removed this action to this Court on December 1, 2021 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (ECF No. 1 at 2.)  Plaintiffs then filed the instant motion to remand on December 31, 2021.  (ECF No. 10.)  Defendant timely responded in opposition on January 14, 2022.  (ECF No. 15.)  Plaintiffs filed their reply on January 24, 2022. (ECF No. 16.)  With the briefing on this motion complete, it is ripe for adjudication.

## II.    LEGAL STANDARD

Congress has provided a right to removal from state to federal court for any case that could have originally been brought in federal court.  *See* 28 U.S.C. § 1441(a).  One source of original jurisdiction is 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In addition, 28 U.S.C. § 1367(a) confers federal district courts with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

A district court is obligated to remand a removed case to state court if it determines that it lacks subject matter jurisdiction over the matter.  *See* 28 U.S.C. §1447(c); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 441 (4th Cir. 2005).  The party seeking removal must therefore satisfy its burden of proof that it has invoked federal jurisdiction properly.  *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008).  The determination of whether federal question jurisdiction exists is generally analyzed under the "well-pleaded complaint" rule, which provides that federal

2

jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## III.    DISCUSSION

Defendant's removal of this action is based solely on the argument that § 1681t(b)(1)(F) of the Fair Credit Reporting Act ("FCRA") completely preempts the West Virginia CCPA. (*See* ECF No. 15 at 4.)   Accordingly, Defendant argues that because the FCRA completely preempts the Plaintiffs' claims under the CCPA, federal question jurisdiction is properly established. (*Id.* at 4–5.)   Plaintiffs disagree and argue instead that the FCRA merely provides a defense of ordinary preemption, a concept different than complete preemption. (ECF No. 11 at 6.)   As such, Plaintiffs maintain that the removal of this action was improper, thus necessitating remand. (*Id.*)

### A.    The Fair Credit Reporting Act and Complete Preemption

When determining whether federal question jurisdiction exists in removal actions, courts follow the well-pleaded complaint rule. *See Pinney*, 402 F.3d at 442.   The well-pleaded complaint rule establishes that federal question jurisdiction only exists when the plaintiff's complaint raises an issue of federal law. *Id.*   Generally, the plaintiff is deemed the "master of the claim," and as such may avoid federal question jurisdiction by only pleading claims based on state law. *Caterpillar Inc.*, 482 U.S. at 392 ("[T]he plaintiff [is] . . . master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").   But there exists a narrow exception to the well-pleaded complaint rule—the "complete preemption" doctrine. *Metro. Life Ins. Co. v. Taylo*r, 481 U.S. 58, 63–64 (1987).

"Federal preemption is ordinarily a federal defense to the plaintiff's suit." *Id.* at 63. "As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not

3

authorize removal to federal court." *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (quoting *Taylor*, 481 U.S. at 63) (internal quotation omitted).

Complete preemption, however, "embodies an actual federal jurisdictional doctrine." *Radcliff v. El Paso Corp.*, 377 F.Supp.2d 558, 561 (S.D. W. Va. 2005). "Underlying the complete preemption doctrine is the notion that the federal policies implicated by a federal statute are sufficiently important to override the plaintiff's effort to rely on state law." *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir. 1996). Complete preemption exists where "Congress 'so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Darcangelo*, 292 F.3d 181, 187 (4th Cir. 2002) (quoting *Taylor*, 481 U.S. at 63–64). Thus, complete preemption effectively "converts an ordinary state common law complaint into one stating a federal claim . . . and the federal claim is deemed to appear on the face of the complaint." *Pinney*, 402 F.3d at 449 (quoting *Darcangelo*, 292 F.3d at 187 (internal citation omitted)).

"Complete preemption is a rare doctrine, one that represents an extraordinary pre-emptive power." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) (internal citations omitted). "The United States Supreme Court warns not to imply the doctrine lightly and has recognized complete preemption in only three areas: § 301 of the Labor Management Relations Act of 1947 ("LMRA"); § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"); and actions for usury against national banks under the National Bank Act." *Id.* The Fourth Circuit has expanded the types of cases subject to complete preemption, including claims arising under the Copyright Act, *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993), the Federal Railway Safety Act, *Rayner v. Smirl,* 873 F.2d

60, 63 (4th Cir. 1989), and the Railway Labor Act, *Arbogast v. CSX Corp.,* 831 F.2d 290, 1987 WL 38662 (4th Cir. 1987) (unpublished).   Despite this expansion, the Fourth Circuit continues to recognize that complete preemption represents an "extraordinary" class of cases and is rare in application.   *See Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998).

Whether complete preemption applies focuses on Congressional intent.   *Newcomer v. Wells Fargo Bank, Nat'l Ass'n*, Civ. Action No. 3:18-cv-194, 2019 WL 267873 at *2 (E.D. Va. Jan. 18, 2019).   The touchstone of this inquiry is whether Congress "provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action."   *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).   When Congress has provided that exclusive jurisdiction for a particular claim, then the complaint is deemed to have arisen under federal law, such that removal is proper.   *Custer*, 89 F.3d at 1165.   *See also Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 24 ("[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

The Court now turns to whether the FCRA completely preempts state law such that Plaintiffs' claims here can be said to have arisen under federal law.   Title 15, § 1681t(b)(1)(F) of the FCRA establishes that "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2[1] of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]"

---

[1] Generally, 15 U.S.C. § 1681s-2 relates to the reporting of accurate information relating to a consumer to any consumer reporting agency.

Notably, § 1681t contains a provision that would seemingly rebut Defendant's complete preemption argument.   Section 1681t(a) states as follows:

> Except as provided in subsections (b) and (c), this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

The FCRA, however, has an even more explicit jurisdictional provision which weighs heavily against complete preemption.   Section 1681p sets forth that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or *in any other court of competent jurisdiction*[.]" (emphasis added).   *See also Harper v. TRW*, 881 F.Supp. 294 (E.D. Mich. 1995) ("This grant of 'concurrent' jurisdiction is wholly absent in the LMRA and ERISA.   Indeed, the jurisdictional grants in both the LMRA and ERISA are grants of *exclusive* federal court jurisdiction.")   *See also Ponder v. Experian Information Solutions, Inc.*, Civ. Action No. 1:20-CV-4548-CAP-JSA, 2021 WL 3398158 at *7 (N.D. Ga. June 15, 2021) ("[I]t is important to note that the FCRA states that it does not completely preempt state laws that may also govern some of the conduct that is also covered by the FCRA.")   This Court has also recognized that the scope of the FCRA is not so "extraordinary" as to constitute complete preemption.   *Rule v. Ford Receivables, Inc.*, 36 F.Supp.2d 335, 338–39 (S.D. W. Va. 1999) (citing *Harper*, 881 F.Supp. at 299).

Other district courts in the Fourth Circuit have reached this same conclusion.   *See Hunter v. Background Investigation Bureau, LLC*, Civ. Action No. 1:19-cv115-MOC-WCM, 2019 WL 2722187 at *2 (W.D.N.C. June 28, 2019); *Newcomer*, 2019 WL 267873 at *2 ("As a result, cases in which the FCRA is used as a preemption defense are not removable to federal court.");

6

*Swecker v. Trans Union Corp.*, 31 F. Supp. 2d 536, 538 (E.D. Va. 1998) ("Because the FCRA explicitly declines to replace all state causes of action or to provide exclusive jurisdiction in the federal courts, and fails to reflect clearly an intent to make claims removable . . . it does not provide for the removal of state law claims.").   *Cf. Lane v. Gray Transp., Inc.*, Civ. Action No. 2:20-cv-40, 2021 WL 4267708 at *4, n.1 (N.D. W. Va. Sep. 20, 2021) (" FCRA jurisdiction is not exclusive to either federal or state courts.")

Indeed, even if defensive preemption is "obvious" due to the extensive territory covered by the FCRA's preemption provisions, this is hardly determinative on the question of removal. *See Watkins v. Trans Union, L.L.C.*, 118 F.Supp.2d 1217, 1222 (N.D. Ala. 2000).   Instead, what must be obvious is Congressional intent to "make preempted state law claims *removable* to federal court."   *Sherron v. Private Issue by Discover, a Div. of Novus Servs., Inc.*, 977 F.Supp. 804, 808 (N.D. Miss. 1997).   As demonstrated earlier, the FCRA contains an express grant of concurrent jurisdiction in both state and federal courts.   Even beyond this express grant, the legislative history reveals no intent to make these otherwise preempted claims removable.   *Id.* at 808.   *See also Watkins*, 118 F.Supp.2d at 1222, n.5 ("The jurisdictional grant of S.823 was concurrent: actions could be brought "in any appropriate United States district court, or in any other court of competent jurisdiction." 116 Cong.Rec. 32641 (1970). . . . The contemplation of state courts as forums for FCRA actions is most clear in the earlier Senate Report on S.823.   That report states that 'actions may be brought in Federal or State courts.'   S.Rep. No. 91–517, at 7 (1969) S.Rep. No. 91–517, at 7 (1969), U.S.C.C.A.N. 4714 (1970).").[2]   Based on the foregoing, it is evident that Congress

---

[2] The Court notes that Defendant asserts that the "same Congressional intent to 'fully' preempt state statutory claims [pursuant to § 1681t(b)(1)(F)] is what serves as the intent underlying 'complete' preemption of the same claims." (ECF No. 15 at 5.)   Defendant provides no citation for this statement nor does Defendant examine the jurisdictional grant of § 1681p or the legislative history of the FCRA, both of which clearly indicate no Congressional intent for

7

did not manifest a clear intent to replace all state causes of action or provide exclusive federal jurisdiction over these claims, such that Defendant's removal on this basis is improper.

Defendant relies on two of this Court's decisions to argue that Congress meant to completely preempt state causes of action. Specifically, Defendant argues that the decisions in *Short v. Experian Info. Sys., Inc.*, 2017 WL 2296887 (S.D. W. Va. 2017) and *Evans v. Trans Union LLC*, 2011 WL 672061 (S.D. W. Va. 2011) show that this Court has found that Congress intended to "'fully' preempt state statutory claims" under the FCRA. (*See* ECF No. 15 at 5.) However, in keying on this "fully preempt" language, Defendant apparently misunderstands the context in which these decisions were reached. In both *Short* and *Evans*, the Court faced motions to dismiss claims that were brought under *both* the West Virginia CCPA and FCRA. *See Short*, 2017 WL 2296887 at \*1–\*2; *Evans*, 2011 WL 672061 at \*1–\*2. Thus, and in contrast with the instant action, the federal claims actually appeared on the face of the complaint. Neither jurisdiction nor complete preemption was at issue, as they are here. Instead, those decisions dealt specifically with the federal *defense* of preemption to certain state law claims.[3] As will be explained below, Defendant's reliance on these decisions, involving entirely different legal theories, is simply misplaced.

Defendant has likewise found scant support elsewhere. In particular, Defendant cites to *Coburn v. L.J. Ross Assocs., Inc.*, No. 14-CV-11080, 2014 WL 1664821, at \*2 (E.D. Mich. Apr. 11, 2014); *Arnold v. Navient Solutions, LLC*, No. 1:17-CV-1277, 2018 WL 6671542, at \*2–3

---

complete preemption.

[3] Similarly, in its Notice of Removal, Defendant relies on this Court's decision in *Barry v. Experian Info. Sol., Inc.*, Civ. Action No. 2:16-cv-09515, 2018 WL 3341785 (S.D. W. Va. July 6, 2018) to argue that removal is proper. (ECF No. 1 at ¶ 10.) Again, this decision does not address jurisdiction, and instead finds that the state claim is subject to the *defense* of preemption. *Id.* at \*9.

(N.D.N.Y. Dec. 19, 2018); and *Keller v. Bank of Am., N.A.*, 228 F. Supp. 3d 1247, 1254 (D. Kan. 2017).[4]   *Coburn* addresses a *pro se* plaintiff and provides no reasoning for the court's decision to find complete preemption and makes no attempt to differentiate between complete and ordinary preemption or address jurisdiction in any meaningful way.   *See generally Coburn*, 2014 WL 1664821 at *2–*3.   Likewise, the court in *Arnold* found complete preemption based on only one section of the FCRA—§ 1681t(b)(1)(F)—but neglected to include any analysis, instead relying on the concept of "total preemption" that the Second Circuit adopted in *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47–48 (2d Cir. 2011).   *See Arnold*, 2018 WL 6671542 at *2–*3. As discussed in more detail momentarily, total preemption and complete preemption are entirely different legal theories that address entirely different concepts.

Defendant's final citation to *Keller* provides the necessary understanding of the difference between total preemption and complete preemption that has infiltrated this discussion.   The court in *Keller* ultimately found that the FCRA "completely preempt[s]" state law claims.   *Keller*, 228 F.Supp.2d at 1254.   However, in *Keller*, the district court found that the *pro se* plaintiff had sufficiently alleged that the defendant was a "furnisher" pursuant to the terms of the FCRA under a liberal construction of his complaint, seemingly implying that the "well-pleaded" complaint actually stated a federal claim arising under the FCRA.   *Id.* at 1253 ("Therefore, the obligations set forth in 15 U.S.C. § 1681s-2 apply to a defendant as a furnisher of credit information.") Despite this finding, the court confusingly concluded that the *pro se* plaintiff's claim was "completely preempted" by the FCRA.   *Id.* at 1254.   Contributing to the confusion, the court noted that two other courts in its district had found that § 1681t "preempts state law claims *only* to

---

[4] Defendant cites these cases with little to no analysis.   The Court is left to ponder what Defendant's approach might have been had they bothered to conduct the analysis of these cases set forth in this opinion.

9

the extent that defendant's alleged unlawful actions occurred after the defendant received notice of plaintiff's dispute." *Id.* In finding that the claims were "completely preempted" by the FCRA, the district court relied on the analysis in a prior case, *Aklagi v. Nationscredit Financial Servs.*, 196 F.Supp.2d 1186 (D. Kan. 2002). *Id.* However, *Aklagi* did not address jurisdiction or complete preemption.

Instead, what the *Aklagi* decision seemed to address was one of several approaches utilized by federal courts to address the inherent tension between different defensive preemption provisions of the FCRA, namely § 1681h(e) and § 1681t(b)(1)(F). Section 1681h(e) was the original preemption clause for the FCRA, which provided that a consumer could not bring causes of action for "defamation, invasion of privacy, or negligence with respect to the reporting of information . . . except as to false information furnished with malice or willful intent to injure such consumer." Section 1681t, the contents of which are expressed above, was not added until later. *See Gregory v. Select Portfolio Servicing, Inc.*, Case No. 2:15-cv-00781-JHE, 2016 WL 4540891, at *5 (N.D. Ala. Aug. 31, 2016). "The tension between these two provisions results from the fact that § 1681(h)(e) permits state law tort claims, but requires a higher standard of proof for those in the nature of defamation, slander, or invasion of privacy, while § 1681t(b)(1)(F) prohibits all state law claims covered by § 1681s-2." *Morgan v. HSBC Mortgage Servs., Inc.*, 930 F. Supp. 2d 833, 838 (E.D. Ky. 2013).

The different approaches were succinctly explained by the District Court for the Northern District of Alabama, as follows:

> The interpretations that have arisen to deal with this tension are (1) the temporal approach, holding § 1681t(b)(1)(F) preempts only claims based on actions occurring after the furnisher has notice of a dispute, *see, e.g.*, *Woltersdorf v. Pentagon Federal Credit Union*, 320 F. Supp. 2d at 1224; (2) the statutory

10

approach, holding § 1681t(b)(1)(F) only preempts state statutes and does not apply to state common-law claims, *see, e.g.*, *Baker v. Gen. Elec. Capital, Corp.*, 819 F. Supp. 2d 1332, 1338 (M.D. Ga. 2011); *McCloud*, 309 F. Supp. 2d at 1341; and (3) the total-preemption approach,[] holding § 1681t(b)(1)(F) preempts all state-law claims regarding the responsibilities of furnishers to credit reporting agencies regulated by § 1681s-2.

*Gregory*, 2016 WL 4540891 at *6.   The Northern District of Alabama explained further:

> [Total preemption] should not be confused with the complete preemption doctrine in the removal context.   For removal purposes, "complete preemption" is jurisdictional and occurs when a federal statute's "'extraordinary pre-emptive power . . . converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Watkins*, 118 F. Supp.2d at 1219 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).   Total preemption (which is "total" only in contrast to the temporal and statutory approaches) is merely a form of defensive preemption, which "operates to dismiss state claims on the merits and may be invoked in either federal or state court." *Id.*

*Id.* at *6, n.7.

Moreover, this Court's decisions in *Short* and *Evans*, upon which Defendant relies, declined to employ the "total preemption" approach and instead adopted the statutory approach. *See Evans*, 2011 WL 672061 at *6 ("After applying the 'statutory approach,' as it is set forth above, the Court concludes that § 1681t(b)(1)(F) does not preempt Plaintiff's negligence claim in this case."); *Short*, 2017 WL 2296887 at *5 ("The Court adopts its analysis [in *Evans*] here."). Whether Defendant argues that Plaintiff's claims are "fully" or "totally" preempted, Defendant is simply trying to jam a square peg into a round hole.   Total preemption is not complete preemption, and the rule in this district is clear: "[T]he FCRA's preemptive force is not so 'extraordinary' as to constitute complete preemption."   *Rule v. Ford Receivables, Inc.*, 36 F.Supp.2d 335, 339 (S.D. W. Va. 1999).

11

In short, Congress has not articulated any clear intent through the FCRA to completely preempt state law claims to render them removable.   While the FCRA may provide the defense of preemption, such ordinary preemption does not make removal proper.   Where, as here, no federal cause of action appears on the face of the well-pleaded complaint, remand is appropriate.

B.      *Award of Costs and Fees*

Plaintiffs have asked the Court to award them reasonable costs and fees incurred as a result of this removal, pursuant to 28 U.S.C. § 1447(c), arguing that Defendant lacked an objectively reasonable basis for removal.   (ECF No. 11 at 7.)   Title 28, § 1447(c) states, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

"There is no automatic entitlement to an award of attorney's fees." *Beusterien v. Icon Clinical Research, Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013) (per curiam).   While § 1447(c) permits a district court to use its discretion in awarding costs and fees, such discretion is not without limits and should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).   "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 140.

Here, the Court believes that an award of fees and costs is necessary, as Defendant lacked an objectively reasonable basis for removal.   To begin, Plaintiffs' complaint does not invoke any federal claims, even if their state law causes of action may be subject to federal defenses.   (*See*

ECF No. 1–1.)   Moreover, the very language of the statute Defendant invoked for removal—the FCRA—contains a statement of "concurrent jurisdiction," which alone should have alerted Defendant that this was not a matter of federal jurisdiction, but instead one of a federal defense. 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or *in any other court of competent jurisdiction*[.]") (emphasis added).   *See also id.* at § 1681t(a).   A fair reading of the express language of the FCRA should have revealed that even if the act would preempt some state law claims, it was not sufficient to grant exclusive jurisdiction over this area of law.   Combined with the well-pleaded complaint, Defendant should have seriously questioned seeking removal.

The abundance of case law finding similarly indicates that Defendant was not objectively reasonable in seeking removal.   There are a plethora of decisions discussing the preemptive effect of the FCRA on state credit protection laws, finding that while the FCRA provides a preemption *defense*, it does not so completely preempt the field so as to establish exclusive federal jurisdiction. *See, e.g.*, *Ponder v. Experian Information Solutions, Inc.*, Civ. Action No. 1:20-CV-4548-CAP-JSA, 2021 WL 3398158 at *7 (N.D. Ga. June 15, 2021*)*; *Hunter v. Background Investigation Bureau, LLC*, Civ. Action No. 1:19-cv115-MOC-WCM, 2019 WL 2722187 at *2 (W.D.N.C. June 28, 2019); *Newcomer v. Wells Fargo Bank, Nat'l Ass'n*, Civ. Action No. 3:18-cv-194, 2019 WL 267873 at *2 (E.D. Va. Jan. 18, 2019); *Chase Bank USA, N.A. v. Duran*, No. C-06-2258 MMC, 2006 WL 889432 at *1 (N.D. Cal. April 5, 2006) ("Indeed, those courts that have examined the issue have found FCRA preemption does not support removal.") (collecting cases); *Watkins v. Trans Union, L.L.C.*, 118 F.Supp.2d 1217, 1222 (N.D. Ala. 2000) (" Not only does the legislative

history lack an expression of intent to affect the concurrent jurisdiction by granting defendants the ability to remove well-pleaded complaints, it indicates that Congress explicitly contemplated state courts entertaining FCRA actions."); *Rule*, 36 F.Supp.2d at 338–39; *Swecker*, 31 F. Supp. 2d at 538; *Harper v. TRW*, 881 F.Supp. 294 (E.D. Mich. 1995).   Coupled with the clear wording of the FCRA that jurisdiction is not exclusive to federal courts and the well-pleaded complaint, Defendant should have realized that removal would be a futile and costly effort.

All this is to say that the Court's own research has been unable to locate any cases where a reviewing court has correctly found that the FCRA provides for exclusive jurisdiction such that removal is appropriate, as explained above.   Instead, the conclusion is quite the opposite: Legislative history, an express grant of concurrent jurisdiction, and a multitude of well-reasoned decisions all indicate that the FCRA does not provide complete preemption.   Finally, this Court's own precedent clearly states that complete preemption is not provided for by the FCRA.   Thus, any removal based on the complaint now before the Court and pursuant to the FCRA lacked an objectively reasonable basis, such that the award of costs and fees is appropriate.

For those reasons, the Court believes it appropriate to **GRANT** Plaintiffs' request and **AWARD** fees and costs incurred as a result of this removal.   Within 10 days of entry of this order, Plaintiffs are **DIRECTED** to file a statement of fees, including attorneys' fees, and costs associated with the removal and remand of this civil action.   Defendants may file any objections thereto within 10 days after the filing of Plaintiffs' statement.   The Court will thereafter enter an order setting forth the specific award.

*IV.    CONCLUSION*

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand and **AWARDS** reasonable costs and fees as a result of the removal, pursuant to 28 U.S.C. § 1447(c).   The Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.   The Court further **DIRECTS** the Clerk to remove this action from the Court's docket.   As this case is remanded, the Court does not reach Defendant's Motion to Dismiss, (ECF No. 4.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 19, 2022

THOMAS E. JOHNSTON, CHIEF JUDGE

15